UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAHI LUGO,<br><br>  Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>  Defendant. | Case No.: 3:25-cv-01365-BTM-AHG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 7] |

Before the Court is the parties' Joint Motion[1] to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for July 25, 2025. ECF No. 7.

Parties seeking to continue an ENE must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); ECF No. 4 at 6–7 (same); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v.*

---

[1] The Court will construe the parties' stipulation as a joint motion.

*Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties seek a 60-day continuance of the ENE and CMC. ECF No. 7. They explain that "[a] brief[2] continuance of approximately 60 days will allow them to continue meaningful negotiations and potentially resolve the case without the need for discovery or further pretrial proceedings." *Id*. at 2. The parties argue that "continuing the ENE and CMC would promote judicial economy and conserve both Court and party resources by allowing the Parties additional time to pursue informal resolution efforts." *Id*. The parties represent that "Plaintiff's counsel recently conveyed a settlement demand and Defendant's counsel is in the process of obtaining authority to respond." *Id*. However, the parties do not expand further. Forty-eight days have elapsed since the Court issued its Order setting the ENE, and the Court notes that the parties have not provided the date Plaintiff's counsel conveyed the demand,—since "recently" could imply one day ago or one month ago—which could have

---

[2] The Court notes that a 60-day continuance of an ENE is not "brief." Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer. Unfortunately, the Court's calendar did not allow for compliance with the 45-day deadline in this case, and the Court set the ENE for the earliest date available on its calendar. ECF No. 4 at 1 n.1. If a 60-day continuance was granted, the ENE would occur 119 days after the answer.

shown diligence. The parties also do not explain what steps they plan to take during their proposed 60-day extension period. Further, the parties did not address whether they had complied with other deadlines in the Court's Order, such as the June 26, 2025, meet and confer deadline, or the July 10, 2025, initial disclosure deadline. *See* ECF No. 4 at 3–4. Again, this omission belies a finding of diligence. The Court also notes that the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules and the Court's Order setting the conferences. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"); ECF No. 4 at 6–7 (same). Aside from being required, a declaration would have been helpful to the Court in resolving the many omissions noted above.

Upon due consideration, the Court does not find good cause for a continuance. Therefore, the Court **DENIES** the parties' joint motion. ECF No. 7. The Court finds that an "informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case," (ECF No. 4 at 2), would be beneficial to the parties at this time. The Court will, however, modify the conferences as follows:

1.  The ENE set for **July 25, 2025** at **2:00 p.m.** *via videoconference* before the Honorable Allison H. Goddard **remains on calendar**. The Court reiterates its attendance requirements for the ENE. *See* ECF No. 4 at 1, 2, 5.

2.  The CMC and pre-CMC deadlines (such as the Joint Case Management Statement filing deadline, which was July 14, 2025) are **CONTINUED**. The Court will reschedule the CMC and its related deadlines during the ENE.

3.  The deadlines for lodging the Confidential ENE Statements and Participant Lists, which were due on July 18, 2025 (*see* ECF No. 4 at 2, 5–6) are *slightly continued*, and must now be emailed to efile_goddard@casd.uscourts.gov **no later than 3:00 p.m. on June 24, 2025**.

      4.      All other videoconference procedures and requirements set forth in the Court's original Order setting the ENE and CMC remain in place. *See* ECF No. 4 at 4–6.

**IT IS SO ORDERED.**

Dated: July 16, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge